**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO PERALTA REYES,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-71189<br><br>Agency No. A201-282-926<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]
San Francisco, California

Before:  RAWLINSON and BYBEE, Circuit Judges, and SMITH,[***] Chief District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable William E. Smith, Chief United States District Judge for the District of Rhode Island, sitting by designation.

Mario Peralta-Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA's") denial of withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010), and denial of withholding of removal and protection under CAT for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition.

Peralta-Reyes argues he is eligible for withholding of removal based on membership in the proposed particular social group "Americanized Mexicans" or "pochos." We have previously held that such a group does not meet the legal requirements for a particular social group under 8 U.S.C. § 1231(b)(3). *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016) (denying withholding of removal because petitioners' proposed group, "imputed wealthy Americans," was not cognizable as a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (denying withholding of removal because "[p]etitioners' proposed social group, 'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group"). The BIA properly denied Peralta-Reyes's withholding of removal claim.

With respect to the CAT claim, Peralta-Reyes admits he has returned to Mexico multiple times without harm and that his family has remained in Mexico without harm. He has not shown he is any more likely to be a victim of violence or crime than the populace of Mexico as a whole. Substantial evidence supports the BIA's denial of Peralta-Reyes's CAT claim. *See Ramirez-Munoz*, 816 F.3d at 1230 ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden."); *Delgado-Ortiz*, 600 F.3d at 1152 ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet th[e] standard [for relief under CAT].").

We have considered Peralta-Reyes's other arguments and find them to be without merit. The petition for review is **DENIED**.